464 F.2d 1280
 UNITED STATES of America
v.
Peter Phillip MAUCHLIN, Appellant in No. 72-1088, and Joseph
E. Fongone a/k/a Joseph Edward Pavia.
Appeal of Joseph E. FONGONE also known as Joseph Edward
Pavia, in No. 72-1089.
 Nos. 72-1088, 72-1089.
 United States Court of Appeals,
 Third Circuit.
 Argued June 12, 1972.
Decided June 26, 1972.
 
 Charles De Fazio, III, De Fazio & De Fazio, Hoboken, N. J., for appellant in No. 72-1088.
 Arthur A. Otchy, Hackensack, N. J., for appellant in No. 72-1089.
 James D. Fornari, Asst. U. S. Atty., Newark, N. J., for appellee.
 Before SEITZ, Chief Judge, VAN DUSEN and ADAMS, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 Defendants appeal their convictions under provisions of the Federal Bank Robbery Act, 18 U.S.C. Sec. 2113(a), (d). Each alleges distinct instances of error during the trial proceedings. Only a few require separate consideration.
 
 
 2
 The Government's case against defendant Mauchlin essentially consisted of in-court identifications made by several bank personnel present during the robbery and testimony by an acquaintance of Mauchlin relating a conversation wherein the defendant admitted his participation in the crime. Defendant Mauchlin raises but one contention concerning this evidence which warrants extended consideration. Specifically, he argues that the in-court identifications were the product of tainted pretrial photographic identification procedures, and, therefore, inadmissible. We cannot agree with this contention in view of the extensive questioning conducted by counsel and the court inquiring of each identification witness the basis of his testimony. The record substantially supports the court's ultimate conclusion that the in-court identifications of defendant Mauchlin stemmed from each witness' encounter with defendant and were independent of the tainted pre-trial photographic presentations.
 
 
 3
 Both defendants challenge as reversible error the testimony of defendant Mauchlin's acquaintance. Only defendant Fongone's contention, however, requires discussion. The witness testified that Mauchlin had shown him a newspaper account of the robbery and announced: "Would you believe we are rich? Joe and I went into the banking business . . . ." The identity of "Joe" was not further directly pursued by Government questioning. Nevertheless, defendant Fongone asserts that the reference so clearly suggested himself as to constitute impermissible hearsay mandating reversal of his conviction. We disagree with this contention. For, assuming that the reference to "Joe" pointed unquestionably to defendant Fongone, we conclude that the prejudice does not constitute reversible error in light of the positive in-court identification of defendant made by a bank employee whose testimony indicated substantial opportunity to focus on Fongone's identity during the course of the robbery. Cf. Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972). We conclude that "the minds of an average jury would not have found the [Government's] case [against Fongone] significantly less persuasive had the testimony as to [Mauchlin's] admission been excluded." Id. at 432, 92 S.Ct. at 1060. The reference to "Joe" was at most harmless error.
 
 
 4
 The judgment of the district court as to both defendants will be affirmed.